In re QUINN.

(District Court, E. D. New York. October 7, 1909.)

1. CRIMINAL LAW ( 242*)—PLACE OF TRIAL—REMOVAL OF DEFENDANT.

On a complaint for the removal of a defendant to another federal district for trial, where the indictment is included as a part of the complaint, it is unnecessary to consider whether all of the counts would be sustained on demurrer; the sole question being whether there was probable cause shown that the defendant committed in the district to which the removal is sought the offense for which he is held.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 242.*]

2. CRIMINAL LAW (§ 242*)—PLACE OF TRIAL—REMOVAL OF DEFENDANT.

On an application for the removal of a defendant to another federal district for trial, the question whether there was probable cause shown that the defendant committed in the district to which the removal is sought the offense for which he was held must be determined by the court to which application for removal is made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 510; Dec. Dig. § 242.*]

3. HABEAS CORPUS (§ 19*)—PROCEEDINGS REVIEWABLE—APPLICATION FOR REMOVAL OF DEFENDANT FOR TRIAL.

The decision of the court, to which an application for removal of a defendant to another federal district for trial is made, that probable cause is shown, is not reviewable, so far as the correctness of the decision is concerned, by habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 19.*]

In the matter of the application for removal of Joseph T. Quinn to the Southern district of New York. Granted.

Leo Oppenheimer, for petitioner.
William J. Youngs, U. S. Atty.

---

CHATFIELD, District Judge. The indictment, which is made a part of the complaint, sets forth successively counts charging three individuals with (1) conspiracy, in the Southern district of New York, to commit an offense by effecting and aiding in effecting an entry of certain goods, wares, and merchandise dutiable by law, at less than the true weight thereof, at the port of New York; (2) conspiracy to defraud the United States of moneys due as duty upon the importation of certain cheese, to be imported and entered by the two individuals who are named as co-conspirators with the defendant here.

The indictment also contains four counts charging the three men in question with having unlawfully effected and aided in effecting an entry of certain cheese at less than the true weight. Each of these last counts attributes certain steps in the transaction to the other two defendants, and certain steps to the defendant whose removal is now sought, but does not seem to charge joint participation in the acts attributed to each.

The conspiracy counts do not go into great detail, except in reciting the overt acts. The removal of the defendant Quinn is now sought upon a complaint charging him with having conspired with the other two men, with whom he is indicted, to commit an offense against the United States, by effecting and aiding in effecting an entry of goods, to wit, cheese, at less than the true weight thereof.

It will be seen that, treating the indictment merely as an affidavit, or as a part of the record, it is unnecessary to consider whether all of the counts in the indictment would be sustained on demurrer. The sole question under discussion is whether there was probable cause, shown by the record, that the defendant committed, in the Southern district of New York, the offense for which he has been held by the commissioner in this district for trial in the Southern district.

Taking the allegations of all the different counts of the indictment, together with the evidence before the commissioner here, there seems to be abundant reason for holding that the defendant should be taken to the Southern district of New York, and that any discussion as to the exact form of the particular charges to which he may be called to plead be had there. The decision in the case of Tinsley v. Treat, 205 U. S. 20, 27 Sup. Ct. 430, 51 L. Ed. 689, merely requires this court to determine that probable cause exists, and does not alter the rule, established in the cases of Beavers v. Henkel, 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882, and Benson v. Henkel, 198 U. S. 1, 25 Sup. Ct. 569, 49 L. Ed. 919, that hearing upon an application for removal is not equivalent to the argument of a demurrer upon all the counts of the indictment.

The question of probable cause comes up on the application for removal, and, if decided adversely to the defendant, is not reviewable, so far as the correctness of decision is concerned, by habeas corpus. Riggins v. United States, 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303. In the particular case at bar the writ of habeas corpus and return thereto disclose no defect of jurisdiction. Nor do the records produced by the writs of habeas corpus or certiorari show that no such crime as is charged could have been committed.

The writs of habeas corpus and of certiorari will be dismissed, and the order of removal granted.