### UNITED STATES v. McMAHON et al.

### SAME v. GIDDINGS et al.

#### (District Court, E. D. New York. November 13, 1909.)

CRIMINAL LAW (§ 242*)—VENUE—REMOVAL OF CAUSE.

Defendants were indicted in the Southern district of New York for conspiracy to commit an offense against the United States, to wit, to effect and to aid in effecting the entry of goods, wares, and merchandise at less than the true weight thereof. Defendants were alleged to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fugitives from justice, found in the Eastern district of New York, and an application for their removal to the Southern district was made. The records contained no allegation of any act or conspiracy in the Eastern district of New York, but showed the whole charge to be one of conspiracy in the Southern district to commit the offense, without specification of the place where the crime was to be committed, other than at the port of New York. *Held*, that the application for removal should be allowed, under the rule that the court may not go outside the record in removal proceedings.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 509, 510; Dec. Dig. § 242.*]

Joseph McMahon and others and Thomas C. Giddings and others were indicted for conspiracy knowingly to effect and to aid in effecting the entry into the United States of goods, wares, and merchandise at less than the true weight thereof. Application by the United States for an order directing their removal to the Southern district of New York for trial. Granted.

W. W. Smith, Sp. Asst. U. S. Atty., and W. P. Allen, Asst. U. S. Atty.

Leo Oppenheimer, for defendants.

CHATFIELD, District Judge. The two defendants above named are before the court upon an application by the United States for an order directing their removal to the Southern district of New York, for trial in that district upon a charge described in the warrant in each case of "having unlawfully and willfully conspired to commit an offense against the United States, namely, knowingly to effect and to aid in effecting an entry of goods, wares, and merchandise at less than the true weight thereof," contrary to the provisions of the statutes of the United States.

The defendant Joseph McMahon is alleged to have conspired with one Eustadio Papavasilopulo, in the Southern district of New York, on the 1st day of December, 1906, and in support of the charge an indictment and bench warrant, on file in the clerk's office of the United States Circuit Court for the Southern District of New York, were introduced in evidence. In the case of Thomas C. Giddings, the defendant is charged with having conspired with four individuals, Psaki by name, in the Southern district of New York, upon the 1st day of October, 1906. In both proceedings in this district, the defendant whose removal is asked is alleged to be a fugitive from the Southern district, and to be within the Eastern district. In each proceeding, also, the other defendants have no part, and are not before the court.

So far as the form of the charge is concerned, the evidence in support of it, and the questions involved therein, each proceeding is substantially similar to that in the case of United States v. Quinn, 176 Fed. 1020, decided by the United States District Court for the Eastern District of New York on the 7th day of October, 1909, and it is unnecessary to say more than that the ruling in these cases will be made to follow that of the Quinn Case on the question of probable cause.

A further objection to each of the present proceedings is raised upon the ground that the indictments offered as affidavits or proof of

probable cause as to the commission of the crime alleged (which affidavit in each case contains three counts similar to three counts in the Quinn indictment above referred to) charge the alleged conspiring defendants with having conspired to commit an offense, which offense is specified as a crime by the laws of the United States, and which as an offense is now claimed by the defendants to have been committed, if committed at all, in Brooklyn, in the Eastern district of New York; and that the defendants Giddings and McMahon, residing in Brooklyn, are entitled to a trial in this, the Eastern, district, whether the trial be upon the definite charge of falsely and unlawfully aiding in the entry of goods contrary to law, or a charge of conspiracy to commit such an offense.

The provisions of the amendment to article 6 of the Constitution, namely, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law," are cited as authority for the proposition that the statutory offense with respect to effecting a false entry, properly belongs in this district and should be tried here; that a conspiracy to commit such an offense should properly be tried here, if the conspiracy were formulated in this district; and that a defendant should not be taken to another district for trial upon such a charge, upon the slight ground of jurisdiction that some overt act has been committed, by some other alleged party to the conspiracy, in another district, to which removal is sought.

The recent cases of United States v. Smith, 173 Fed. 227, decided by the United States District Court for the District of Indiana, and United States v. Kissel and Harned, 173 Fed. 823, decided by the United States Circuit Court for the Southern District of New York, in October, 1909, are cited as authority for this proposition. In the Smith Case considerable discussion was had as to the crime of libel, both with respect to the jurisdictions in which trial could be had and the effect of a conviction in one place as a bar to further prosecution. In the Kissel and Harned Case the court took occasion to say, as has been said by many courts, that where conspiracy indictments show the commission of a definite statutory crime, which must be proven in order to form a basis for the conspiracy, the approval of the court should not be lent to unwarranted use of conspiracy indictments for other purposes than merely to try the charge which by itself represented the definite crime.

But in the present case no such situation exists. If the defendants are subject to indictment in the Eastern district of New York, for offenses under such statutes as sections 5444 and 5445, with relation to effecting an entry of goods illegally into the United States, that has no necessary effect upon a proper charge of conspiracy with other individuals in another district. However, an inspection of the records in each of these cases, including the indictments in question, shows that it is nowhere stated in these records that the defendants have done anything at all, nor conspired to do anything at all, in the Eastern district of New York, but that the whole charge is one of conspiracy in

the Southern district of New York to commit what is charged to be an offense against the United States laws, without specification of the place where the crime was to be committed, other than at the port of New York, and the only ground for any proceedings at all in this district is that occasioned by the presence of the defendants here.

On removal proceedings, it is impossible to go outside the record and speculate as to other matters than those charged, and upon the records there can be no question that the present objection should be overruled, and orders of removal entered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes