Jovita Clemente, peticionaria y apelada, *v.* Antón Alvarez, Alcaide de la Cárcel Municipal de Río Piedras, demandado y apelado; El Pueblo de Puerto Rico, apelante.

Núm. 7200.—*Sometido:* Diciembre 11, 1936. *Resuelto:* Diciembre 22, 1936.

R. A. *Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El
Pueblo, apelante; *A. Díaz Viera,* abogado de la apelada.

El Juez Asociado Señor Travieso, emitió la opinión del
tribunal.

Pedro Canales Clemente fué condenado el día 21 de agosto
de 1935, por la Corte Municipal de Río Piedras, a pagar
una multa de $50 o en su defecto a sufrir un día de cár-
cel por cada dólar que dejare de satisfacer. Y no habiendo
satisfecho la multa, fué recluído en la Cárcel Municipal de
Río Piedras. No aparece de los autos si el acusado estuvo
o no representado por abogado en el acto de la vista.

El 22 de agosto, 1935, el acusado por medio de abogado
compareció ante la corte municipal para pedir la reconside-
ración y anulación de la sentencia dictada el día anterior, por
el fundamento de que siendo menor de 16 años de edad en
la fecha en que fué sentenciado, la corte municipal no te-
nía jurisdicción para conocer del caso ni para dictar senten-
cia en contra del acusado. Se acompañó a la petición una
certificación del Registro Demográfico para comprobar la
edad del acusado. La corte municipal declaró sin lugar la
moción de reconsideración y el acusado fué encarcelado de
nuevo.

Jovita Clemente, madre del acusado, radicó una petición
de hábeas corpus ante la Corte de Distrito de San Juan, en
la que solicita que se decrete la nulidad de la sentencia dic-
tada por la corte municipal, por carecer dicha corte de ju-

risdicción para dictarla. La corte de distrito dictó sentencia de acuerdo con la súplica de la petición y ordenó la inmediata excarcelación del acusado. El Fiscal del Distrito interpuso el presente recurso.

 Arguye el fiscal que la corte de distrito no tenía jurisdicción para revisar mediante hábeas corpus la sentencia de la corte municipal, y que dicha sentencia no puede ser atacada colateralmente.

No existe controversia alguna entre las partes en cuanto al hecho principal, o sea que en la fecha de la sentencia el acusado era menor de 16 años. Y ambas partes aceptan que la corte municipal no tenía jurisdicción para dictar la sentencia que dictó y menos aún para ordenar la reclusión del menor en la cárcel común destinada a la reclusión de criminales adultos. La única cuestión que se debate es si por el hecho de no haber levantado en el acto del juicio y antes de dictarse sentencia la excepción perentoria de falta de jurisdicción, el acusado en este caso debe ser privado del derecho constitucional que tiene toda persona recluída en una prisión a solicitar de una corte competente que investigue la legalidad de su detención y que le ponga en libertad mediante un auto de hábeas corpus, si de esa investigación resultare que la orden de prisión había sido dictada por un tribunal carente de jurisdicción.

La regla general es que el auto de hábeas corpus no puede ser utilizado para la corrección de meros errores o irregularidades de procedimiento, a menos que éstos envuelvan la cuestión de falta de jurisdicción del tribunal que dictó la sentencia y ordenó la reclusión del peticionario del auto. Es doctrina bien establecida que cuando una corte se excede en sus facultades o ejercita poderes que la ley no le ha conferido, la sentencia así dictada es nula y la prisión decretada en cumplimiento de esa sentencia es ilegal y como tal anulable por medio de procedimientos de hábeas corpus. Véanse: *Ex parte De la Rosa,* 7 D.P.R. 363 y *Ex*

*parte Díaz,* 7 D.P.R. 153; *Oteiza* v. *Jacobus,* 136 U.S. 330, 34 L. Ed. 464; *Ex parte Siebold,* 100 U.S. 371, 25 L. Ed. 717; *Re Frederich,* 149 U.S. 70, 37 L. Ed. 653; *Riggins* v. *United States,* 199 U.S. 547, 50 L. Ed. 303.

En su obra sobre Limitaciones Constitucionales, dice el Juez Cooley lo siguiente:

"Cuando una persona que esté en prisión bajo un mandamiento judicial, es traída a su presencia por virtud de un hábeas corpus, el tribunal o juez ante el cual comparezca ha de investigar: 1, si el tribunal o funcionario que expidió el mandamiento por virtud del cual es detenido tenía jurisdicción del caso y si ha actuado dentro de esa jurisdicción al expedir tal mandamiento. Si fuere así, meras irregularidades o errores de la sentencia, cometidos en el ejercicio de esa jurisdicción, no deben ser considerados en este auto, y deben ser corregidos ya por el tribunal que expidió el mandamiento, o en procedimiento regular de apelación." Páginas 423 a 425.

La sección 1 de la Ley núm. 37 de 1915 (pág. 73), por la que se estableció en Puerto Rico un sistema de cortes para niños, confiere a dichas cortes "jurisdicción original exclusiva en todo caso de delincuencia y necesidad juveniles" en que la persona acusada fuere un niño menor de 16 años de edad. Las cortes para niños establecidas en cada uno de los distritos judiciales de la Isla, están presididas por el juez de la corte de distrito respectiva. Los jueces municipales carecen en absoluto de jurisdicción para conocer de los casos en que el delincuente es menor de 16 años, y solamente pueden actuar como jueces de la corte para niños cuando fueren designados por el Attorney General en caso de ausencia, inhabilitación o inhibición del juez de distrito.

El propósito fundamental del sistema de cortes para delincuentes juveniles es el de tratar y considerar a los menores de dieciséis años no como criminales sino como pupilos del Estado, al que se impone la obligación de reformarlos y educarlos para impedir que continúen por el camino del crimen. Por eso la ley dispone que la vista del

caso se celebrará en privado; que las penas impuestas por las leyes a las personas adultas serán aplicadas discrecionalmente en el caso de jóvenes delincuentes; que las cortes para niños tendrán facultad para dejar sin efecto o suspender la ejecución de las sentencias; y que ninguna orden o sentencia dictada por la corte contra un niño podrá ser admitida como prueba en ningún procedimento civil o criminal en contra del mismo niño.

La mayor protección que la ley ofrece al niño delincuente es la contenida en su sección 23, la que dispone "que ningún menor de 16 años será encarcelado en una cárcel común, en la compañía de criminales adultos confinados en la misma," con el propósito evidente de evitar el daño irreparable que se causaría al menor como resultado de la convivencia y asociación con personas ya avezadas al crimen. Y la sección 31, complementando el propósito de la 23, provee:

"En ninguna circunstancia, podrá encarcelarse, a no ser por orden de la Corte, a un niño menor de diez y seis años de edad en ninguna prisión, cárcel común o depósito, y cualquier funcionario o persona que infringiese esta disposición de ley será culpable de delito menos grave (*misdemeanor*), y será castigado, etc."

Es indudable que aun cuando la corte municipal tenía jurisdición para conocer del delito que se le imputó a Pedro Canales Clemente, o sea el de vender billetes para un juego ilegal de la "bolita", no la tenía sobre la persona del menor, ni pudo adquirirla por el sólo hecho de que dicho menor no levantó la cuestión de falta de jurisdicción hasta después de haberse dictado la sentencia y ordenado su reclusión. La jurisdicción sobre las personas de los delincuentes que no han cumplido aún los 16 años de edad reside exclusivamente en las cortes para niños y son éstas las únicas que pueden dictar una sentencia válida en contra del menor y ordenar su encarcelación en una cárcel común, pero siempre sujeta a la condición de que el menor será recluído en sitio separado de los confinados adultos.

En el caso de autos se llamó la atención del juez municipal hacia su falta de jurisdicción a tiempo de que pudiera corregir su error reconsiderando y anulando la sentencia y remitiendo el caso a la Corte para Niños del Distrito de San Juan, para que ésta procediese de acuerdo con la ley. Se ofreció al juez municipal un certificado del acta de nacimiento del menor, del que aparece que éste nació el 19 de abril de 1921 y que por lo tanto en la fecha en que fué sentenciado y recluído en la cárcel tenía solamente 14 años, 4 meses y 2 días. Ese certificado, que es evidencia prima facie de la edad del confinado, fué elevado a la corte de distrito como parte de los autos en el procedimiento de hábeas corpus y figura también en los autos del presente recurso.

Siendo el fin principal del remedio de hábeas corpus el de investigar la legalidad de la detención de una persona, la corte de distrito no podía ignorar que Pedro Canales Clemente, niño menor de 16 años, había sido condenado por una corte municipal que carecía de jurisdicción sobre su persona. Y mucho menos podía ignorar que ese menor, en violación de los preceptos terminantes de las secciones 23 y 31 de la ley, supra, se encontraba recluído por orden de esa misma corte municipal en una cárcel común, a la cual no podía ser enviado legalmente el menor, bajo ninguna circunstancia, a no ser por orden de la Corte para Niños del Distrito de San Juan.

No nos convence la argumentación que hace el fiscal en cuanto al alcance y aplicación de la sección 19 de la Ley núm. 37 de 1915 (pág. 73), según fué enmendada por la Ley núm. 10 de abril 6 de 1916 (pág. 43). Dicha sección lee así:

"Sección 19.—Si la edad de un niño traído a presencia de la corte, fuere objeto de controversia, la resolución del juez de la misma en lo que respecta a su competencia en el caso será definitiva; y con el fin de resolver la cuestión de competencia en cuanto a la edad del acusado, la Corte podrá solicitar la certificación del acta del nacimiento del niño y citar como testigo a cualquier médico empleado

por El Pueblo de Puerto Rico en el Servicio de Sanidad o en cualquier institución penal insular. Dicho médico no recibirá remuneración alguna por servicios prestados de ese modo. Siempre que un oficial u otra persona que arrestase a un niño, tuviere duda acerca de la edad de éste, deberá proceder con el predicho niño, de acuerdo con las disposiciones de esta Ley, en la misma forma en que lo haría si el niño fuere indubitablemente menor de diez y seis años.

"El juez de cualquier Corte para niños puede requerir a cualquier médico de los mencionados en el párrafo anterior de esta Sección para que practique, sin remuneración, los reconocimientos físicos y mentales de niños afectados por esta Ley, que considerare necesario; dicho juez podrá oír también el informe de cualquier otro médico autorizado para ejercer como tal en Puerto Rico.''

Las disposiciones transcritas son tan claras que no necesitan ser interpretadas judicialmente. La corte a que se refiere esta sección es la Corte para Niños. Es esa corte, y no la corte municipal, la que tiene jurisdicción para dictar una resolución definitiva sobre la edad del niño traído a su presencia, cuando su edad fuere objeto de controversia. El deber de la corte municipal, en caso de duda sobre la edad del niño, es dar a éste el beneficio de la duda, tratarlo como si indubitablemente fuere menor de dieciséis años y trasladar el caso a la Corte para Niños correspondiente. Y fué eso lo que debió hacer y no hizo la Corte Municipal de Río Piedras cuando se le pidió la reconsideración de su sentencia y se le presentó prueba prima facie de que el niño no había cumplido aún los 16 años.

*Por las razones expuestas, y especialmente porque entendemos que la corte municipal no tenía jurisdicción sobre la persona del menor, se confirma la sentencia recurrida.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.