# RIGGINS v. UNITED STATES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ALABAMA.

No. 169. Submitted November 9, 1905.—Decided December 11, 1905.

The writ of *habeas corpus* will not issue unless the court under whose warrant petitioner is held is without jurisdiction, nor can the writ be used merely to correct errors.

The writ will not be granted when there is a remedy by writ of error or appeal, except in rare and exceptional cases, and where, as in this case, nothing in the record discloses special circumstances justifying a departure from the regular course, the writ should be quashed and the petition dismissed.

RIGGINS and Powell were indicted under §§ 5508, 5509, Revised Statutes, in the District Court for the Northern Division of the Northern District of Alabama, at the October Term, 1904, thereof; and on the twenty-fourth day of October, 1904, the indictment was remitted to the next session of the Circuit Court in and for that Division and District by order of the Circuit Court, the District Judge presiding. A capias was issued to take Riggins into custody to answer the indictment, October 26, 1904. On the same day a severance was ordered as between Powell and Riggins, and thereupon Riggins filed his petition for *habeas corpus;* the writ was issued; the marshal made his return; the Circuit Court, held by the District Judge, heard the case and discharged the writ and remanded Riggins to custody; a bill of exceptions was signed and sealed, and an appeal to this court was prayed, allowed and perfected, by the giving of a bond in the penal sum of two hundred and fifty dollars, which was approved by the judge; certificate of certain questions of jurisdiction was filed; as also assignments of error; and a citation was issued and served; all on the said twenty-sixth day of October, 1904. The opinion of the District Judge will be found reported 134 Fed. Rep. 404.

The petition for *habeas corpus* alleged that Riggins was restrained of his liberty by the United States marshal under the capias issued on the indictment, a copy of which capias was attached, as also a copy of the indictment. That indictment in brief set up that Riggins and others entered into a conspiracy to take one Maples, a citizen of the United States of African descent, from the state officers, to whose custody he had been lawfully committed under a charge of murder, and to hang him until he was dead, and that said conspiracy was formed and its purpose executed because Maples was of African descent. The petition averred that the indictment charged no offense punishable under the laws of the United States; that the indictment did not show that Riggins had violated any right, privilege or immunity guaranteed to Maples under the Constitution of the United States; or that any Federal law was violated providing for the punishment of such offense; and that it did not appear from the indictment that the conspiracy, combination or confederation therein alleged was formed or entered into under any law of the State of Alabama, or that any law of that State authorized its citizens or other persons to enter into any conspiracy to injure, threaten or oppress Maples by denying to him, by reason of his race, the right, privilege and immunity of a trial by jury to determine his guilt or innocence on an indictment for murder pending against him in the courts of Alabama.

*Mr. Lawrence Cooper* for appellant. ·

*Mr. Assistant Attorney General Purdy* for the United States.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

It is settled that the writ of *habeas corpus* will not issue unless the court under whose warrant petitioner is held is without jurisdiction, and that it cannot be used merely to correct errors. Ordinarily the writ will not be granted when there is a remedy

by writ of error or appeal, yet in rare and exceptional cases it may be issued, although such remedy exists.

In *New York* v. *Eno,* 155 U. S. 89, it was held that Congress intended to invest the courts of the Union and the justices and judges thereof with power upon writ of *habeas corpus* to restore to liberty any person within their respective jurisdictions held in custody, by whatever authority, in violation of the Constitution or any law or treaty of the United States; that the statute contemplated that cases might arise when the power thus conferred should be exercised during the progress of proceedings instituted in a state court against the petitioner on account of the very matter presented for determination by the writ of *habeas corpus;* but that the statute did not imperatively require the Circuit Court by that writ to wrest the petitioner from the custody of the state officers in advance of his trial in the state court; and that while the Circuit Court had the power to do so, and could discharge the accused in advance of his trial, if restrained in violation of the Constitution, it was not bound in every case to exercise such power immediately upon application being made for the writ. The conclusion was that in a proper exercise of discretion the Circuit Court should not discharge the petitioner until the state court had finally acted upon the case, when it could be determined whether the accused, if convicted, should be put to his writ of error or the question determined on *habeas corpus* whether he was restrained of his liberty in violation of the Constitution of the United States.

These principles were fully discussed in the cases of the appeals of Royall from judgments in *habeas corpus* in the Circuit Court of the United States for the Eastern District of Virginia. 117 U. S. 241. And in addition Royall made an original application to this court for a writ of *habeas corpus,* which was denied upon the grounds stated in the previous cases. 117 U. S. 254.

While special reasons may exist why this should be the rule in respect of proceedings in state courts, which are not appli-

cable to cases in the courts of the United States, nevertheless we have frequently applied the same principle to such cases. *In re Chapman*, 156 U. S. 211; *In re Lancaster*, 137 U. S. 393; *In re Huntington*, 137 U. S. 63; *Ex parte Mirzan*, 119 U. S. 584.

In Chapman's case we held that it was a judicious and salutary general rule not to interfere with proceedings pending in the courts of the District of Columbia or in the Circuit Courts of the United States in advance of their final determination. And we said:

"We are impressed with the conviction that the orderly administration of justice will be better subserved by our declining to exercise appellate jurisdiction in the mode desired until the conclusion of the proceedings. If judgment goes against petitioner and is affirmed by the Court of Appeals and a writ of error lies, that is the proper and better remedy for any cause of complaint he may have. If, on the other hand, a writ of error does not lie to this court, and the Supreme Court of the District was absolutely without jurisdiction, the petitioner may then seek his remedy through application for a writ of *habeas corpus*. We discover no exceptional circumstances which demand our interposition in advance of adjudication by the courts of the District upon the merits of the case before them."

In *In re Lancaster*, this court denied an application for leave to file a petition for *habeas corpus* in the circumstances stated in the opinion, which opinion was as follows:

"The petitioners were indicted under sections 5508 and 5509 of the Revised Statutes, on the 20th of November, 1890, in the Circuit Court for the Southern District of Georgia, and have been taken into custody. They have not invoked the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise, but ask leave to file in this court a petition for a writ of *habeas corpus*, upon the ground that the matters and things set forth and charged do not constitute any offense or offenses under the laws of the United States, or cognizable in the Circuit Court, and that for other reasons the in-

dictment cannot be sustained. In this posture of the case we must decline to interfere. "

We are of opinion that the rule therein laid down should have been followed by the Circuit Court.

True, the present case is not one of the issue of the writ of *habeas corpus* in respect of confinement under state authority, nor of an application to this court for the writ, but is the case of custody taken under a capias issued on an indictment returned in the District Court and removed to the Circuit Court, and an application to that court for the writ before defendant had been compelled to take any step in the cause.

Defendant might have raised his objections to the indictment by motion to quash or otherwise. If the indictment were held good, as we are advised by the opinion of the Circuit Court it would have been, defendant would have pleaded and gone to trial, and might have been acquitted. If convicted, the remedy by writ of error was open to him.

There is nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure. That departure is contrary to the views we have heretofore explicitly expressed, and if we acquiesce in this method of invoking our jurisdiction, we shall find ourselves obliged to decide questions in advance of final adjudication, contrary to the settled rule, and to many decisions we have heretofore announced upon the subject.

If we should affirm or reverse the final order in this case, we should recognize a proceeding below, which we would not ourselves have entertained; and we are not disposed to hold that this manner of testing such questions as are argued here ought to have been pursued.

*Final order reversed and cause remanded with a direction to the Circuit Court to quash the writ of habeas corpus and dismiss the petition without prejudice.*