## JONES *v.* PERKINS, DEPUTY UNITED STATES MARSHAL, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF GEORGIA.

No. 738. Argued December 13, 14, 1917.—Decided January 7, 1918.

Petitioner sought *habeas corpus* upon the ground that the Selective Draft Law, for disobedience of which he was arrested, was unconstitutional. The constitutional questions he raises having all been decided adversely to him in the *Selective Draft Law Cases, ante,* 366, the court affirms the trial court's order refusing the writ, without, however, departing from the general principle that *habeas corpus* should not anticipate trial in criminal cases, in the absence of exceptional circumstances, and without inquiring whether in this case such circumstances existed.

243 Fed. Rep. 997, affirmed.

THE case is stated in the opinion.

*Mr. J. Gordon Jones,* with whom *Mr. Thomas E. Watson* was on the brief, for appellant.

*The Solicitor General,* with whom *Mr. Robert Szold* was on the brief, for appellees. See *ante,* 368.

*Mr. Hannis Taylor* and *Mr. Joseph E. Black,* by leave of court, filed a brief as *amici curiæ.*

*Mr. Walter Nelles,* by leave of. court, filed a brief as *amicus curiæ.*

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Jones, the appellant, was arrested under a warrant charging him with a failure to register as required by the Act of Congress of May 18, 1917, known as the Selective Draft Law, (c. 15, 40 Stat. 76), and after a hearing by a United States Commissioner was committed to custody to await the ensuing term of the United States District Court. Alleging that he was illegally restrained because the statute under the assumed authority of which he was held was repugnant to the Constitution of the United States, he petitioned the court below for a writ of *habeas corpus.* Following a rule to show cause and a hearing on the return thereto, the petition was denied on the ground that the statute was constitutional (243 Fed. Rep. 997), and to reverse the order so adjudging this direct appeal was prosecuted.

It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and *habeas corpus* should not be granted in advance of a trial. *Riggins* v. *United States,*

199 U. S. 547; *Glasgow* v. *Moyer*, 225 U. S. 420; *Johnson* v. *Hoy*, 227 U. S. 245. If that rule applied, therefore, our duty would be to affirm, unless this case could be treated as coming within the exceptional class. But we do not deem it necessary to enter into that consideration because, even if it were found to be embraced in such class, every constitutional question relied upon has been this day in *Arver* v. *United States*, [the *Selective Draft Law Cases*,] *ante*, 366, decided to be without merit. Because of this situation, therefore, without departing from the general principle, we think it suffices in this case to apply the ruling made in the *Arver Case* and, for the reasons stated in the opinion therein, to affirm.

*And it is so ordered.*