### Ex parte Jacinto A. Palacios, Petitioner.

No. 95.  Argued December 23, 1929.—Decided February 27, 1930.

*L. Llorens Torres* and *Angel Arroyo Rivera,* for petitioner. *R. A. Gómez, Fiscal* of the Supreme Court, and *Marcelino Romaní, Prosecuting Attorney,* for The People.

MR. JUSTICE WOLF delivered the opinion of the court.

As appears from the information in this case, Jacinto A. Palacios purchased a piece of property. The property, an alleged bakery, was described as being "mortgaged" and as including within the security of the alleged mortgage, certain fixtures permanently attached to the soil and proper to a bakery, namely, a kneading-trough and a cylinder. The information then charged Palacios with having carried away the said kneading-trough and cylinder, with intention to defraud the alleged mortgagee. All this with more specific averments of ownership, origin, time, place, knowledge and intention, unnecessary to express, as none of these matters was really attacked in the demurrer filed in the District Court of San Juan.

The theory of that demurrer was more or less that no section of the Penal Code covered a "mortgage" as the same existed or was known in Porto Rico; that the mortgage as described in the information was peculiar to Porto Rico and could never be the "mortgage" described in the statutes; that the "mortgage" of the said statutes was something more akin to a pledge or to a conventional sale (*venta con pacto de retro*). Petitioner maintained that the word "mortgage" should be limited to its common law significance where the title was transferred to the mortgagee.

The Government filed a brief to show that the modern mortgage on the continent generally, and as it existed in California, source of our Penal Code, was substantially identical with the one existing in Porto Rico and hence that the offense described in section 443 of the Penal Code had been committed. That section provides:

"Every person who, after mortgaging any real property and during the existence of such mortgage, or after such mortgaged

property shall have been sold under an order and decree of foreclosure, and with intent to defraud or injure the mortgage, his representative, successors, or assigns, or the purchaser of such mortgaged premises at such foreclosure sale, his representatives or assigns, takes, removes or carries away from, destroys or damages such mortgaged premises, or otherwise disposes of, or permits the taking, removing, or carrying away, or otherwise disposing of, any house, barn, or other property affixed thereto, as an improvement thereon, without the written consent of the mortgagee, his representatives, successors, or assigns, or the purchaser at such foreclosure sale, his representatives or assigns, is guilty of larceny and shall be punished accordingly.''

The District Court of San Juan overruled the demurrer.

The petitioner does not at all convince us that a crime was not charged, but even if we had something of a real doubt we should not discharge the prisoner, and this because of general considerations applying to the writ of habeas corpus.

That writ was never made to serve the purpose of a writ of error or an appeal. The petitioner does not question this principle but cites some jurisprudence of California to the effect that the writ is effective to test the matter of jurisdiction. We definitely agree that if an information charged no crime known to the laws of Porto Rico, no court in the country could have jurisdiction of the crime and the imprisonment might be terminated by a writ of habeas corpus. On the other hand, it is very evident that if an information, although entirely amendable, fails to state a crime, apparently the same lack of jurisdiction exists and the writ would be universally available unless there was some other limitation on its issuance. Then again it might be doubtful whether or not the information stated a crime or could be amended, and the habeas corpus court rather than the trial court would determine the matter. *Henry* v. *Henkel,* 235 U. S. 219, 228.

As pointed out by the *Fiscal,* it would be absurd to try out the sufficiency of an information before the trial court acts and similarly after such action, when an adequate appeal exists. While this is true, the courts will not refuse to issue

the writ when the case is so extraordinary as to call for instant action. We shall give a brief review of some of the jurisprudence.

Chapman refused to answer certain questions propounded to him by a committee of the Senate of the United States. He was indicted in the District of Columbia under a special statute. A demurrer was overruled, the action of the trial court sustained in the Court of Appeals and the case remanded for further proceedings. He filed a petition to the Supreme Court of the United States, for the issuance of a writ of habeas corpus. The court reviewed some of the cases and held as follows:

"We are impressed with the conviction that the orderly administration of justice will be better subserved by our declining to exercise appellate jurisdiction in the mode desired until the conclusion of the proceedings. If judgment goes against petitioner and is affirmed by the Court of Appeals and a writ of error lies, that is the proper and better remedy for any cause of complaint he may have. If, on the other hand, a writ of error does not lie to this court, and the Supreme Court of the District was absolutely without jurisdiction, the petitioner may then seek his remedy through application for a writ of habeas corpus. We discover no exceptional circumstances which demand our interposition in advance of adjudication by the courts of the District upon the merits of the case before them." *In re Chapman,* 156 U. S. 211, 218.

The quoted paragraph was cited in *Riggins* v. *United States,* 199 U. S. 547, where the court held that it was well settled that the writ of habeas corpus would not issue unless the court under whose warrant petitioner was held was without jurisdiction; that ordinarily the writ would not issue when there was a remedy by writ of error or appeal, yet in rare and exceptional cases it might be issued, although such remedy existed. In that case the granting of the writ by the United States Circuit Court was reversed because petitioner, if convicted, would have appealed. All the proceedings were in courts of the United States.

Somewhat more recently the application of the writ was discussed in *Henry* v. *Henkel, supra,* carefully reviewed and cited from in the brief of the *Fiscal.* The decisions were examined to the effect that, barring exceptional cases, a petitioner could not anticipate the regular course of proceeding by alleging a want of jurisdiction and demanding a ruling thereon in habeas corpus proceedings, citing numerous federal cases including *Riggins* v. *United States, supra;* that to establish such a general rule would interfere with the administration of the criminal law.

This holding is not special to the Supreme Court of the United States. In 29 Corpus Juris, p. 14, it is said: "The writ of habeas corpus is a writ of right when reasonable cause is shown but not a writ of course. It is issued in the exercise of judicial discretion." And again on page 17: "As in the case of other extraordinary prerogative writs, the writ of habeas corpus will not ordinarily be granted when there is another adequate remedy by appeal or writ of error." Each paragraph is well supported by authorities.

The habeas corpus law is copied into our Code of Criminal Procedure, where a remedy by appeal is given. A defendant may await trial and conviction after demurrer is overruled, or stand on his demurrer. An appeal lies in either case. It necessarily follows that the Legislature did not intend to give a defendant two independent, absolute rights of reviewing the sufficiency of an information. The courts here as elsewhere must have a discretion generally to deny the writ, but to award it in extraordinary cases. No such extraordinary case is here presented.

In *Henry* v. *Henkel, supra,* it was also intimated (p. 228) that application for a writ of habeas corpus would delay a trial as against the interests of both the government and the defendant. Here is a case where the trial has been delayed for two months by the necessity of consideration. Furthermore, it is not in the interest of a defendant to extract a preliminary ruling by the habeas corpus court, especially

where that court is the appellate court. Such a ruling, as here, may affect the conduct of the trial.

We are also disposed to add that this Supreme Court, whose jurisdiction is in general appellate, ought not to be subject to applications of this sort. The matters to be reviewed need the kind of deliberation that an appeal affords.

Thé writ will be annulled and the prisoner remanded to the custody of the marshal of the District Court of San Juan.