**ENGE v. CLARK, United States Marshal,**
**No. 10367.**

Circuit Court of Appeals, Ninth Circuit.

June 30, 1944.

As Amended on Denial of Rehearing
Aug. 4, 1944.

As Amended Aug. 20, 1944.

Concurring Opinion July 19, 1944.

A. L. Wirin, of Los Angeles, Cal. (Hayden C. Covington, of Brooklyn, N. Y., of counsel), for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and Mildred L. Kluckhohn, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying a petition for writ of habeas corpus addressed to the appellee United States Marshal, alleged to have appellant in his custody, and holding that no writ issue thereon.

The petition alleges that appellant has been indicted for failure to report for induction into the armed forces of the United States as ordered by local Selective Service Board, hereinafter called the Board.* Appellant had registered with the Board and claimed, upon proper forms, that he was

---

* Because of similar cases crowding the calendars below, we have considered the disposition of the issues here raised by the summary process of the habeas corpus proceeding as within the exceptional circumstances referred to in Jones v. Perkins, 245 U.S. 390, 391, 38 S.Ct. 166, 62 L.Ed. 358, and Johnson v. Hoy, 227 U.S. 245, 33 S. Ct. 240, 57 L.Ed. 497. Cf. Ex parte Catanzaro, 3 Cir., 138 F.2d 100, certiorari de-

a regularly ordained minister of a religious organization, known as Jehovah's Witnesses, exempt from military service by the provisions of Section 5(d) of the Selective Service and Training Act, 50 U.S.C.A.Appendix, § 305(d), hereinafter called the Act. Appellant requested a IV-D classification pursuant to Selective Service Regulation 622.44. The petition further alleges that appellant, in support of his claim for such exemption, presented to the Board clear, convincing and uncontradicted evidence that he was such a minister of religion and that the Board, on October 5, 1941, granted appellant the IV-D classification as claimed.

The petition further alleges that thereafter, and without notice to the appellant, and without having any different evidence or information concerning the appellant, and arbitrarily and capriciously, the Board reclassified appellant on March 20, 1942, in Class I-A and subject to the Board's orders.

It is further alleged that a hearing thereafter was had by the Board at which further uncontradicted evidence was produced showing appellant's status as such minister of religion. Thereafter on April 6, 1942, the Board ordered continued the I-A classification. On April 9, 1942, appellant appealed from the Board's classification, which appeal was rejected by the Board of Appeals on September 19, 1942, and the I-A classification continued. Appellant claims that he has exhausted all of the administrative remedies available to him under the Act. Thereafter, on November 27, 1942, pursuant to the order of classification into I-A, the Board ordered the appellant to report for induction into the United States Army on December 7, 1942. Disobedience of that order was followed by the indictment and arrest of appellant by the United States Marshal.

The petition contends that appellant's imprisonment is (1) illegal and in violation of the provisions of the Selective Training and Service Act of 1940, and the Rules, Regulations, and Orders thereunder; (2) illegal by virtue of arbitrary, discriminatory, unfair, capricious enforcement and administration of said Act; and (3) illegal in that it deprives the appellant of due process of law as guaranteed by the Fifth Amendment to the Constitution.

Similar alleged error in the action of the Board was held not available as a defense in a criminal prosecution for failure to perform a Board's order to report for induction into the armed forces in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346. Appellant seeks to distinguish the Falbo decision on the ground that in the instant case direct relief is sought in this habeas corpus proceeding before trial under the indictment. While there is such a difference between the two cases, we are of the opinion that the ratio decidendi of Falbo v. United States controls here. On pages 553–554 of 320 U.S., 64 S.Ct. on page 348, of the Falbo opinion the Court says:

"Only after he has exhausted this procedure is a protesting registrant ordered to report for service. If he has been classified for military service, his local board orders him to report for induction into the armed forces. * * *

"The circumstances under which the Act was adopted lend no support to a view which would allow litigious interruption of the process of selection which Congress created. To meet the need which it felt for mobilizing national manpower in the shortest practicable period, Congress established a machinery which it deemed efficient for inducting great numbers of men into the armed forces. Careful provision was made for fair administration of the Act's policies within the framework of the selective service process. But Congress apparently regarded 'a prompt and unhesitating obedience to orders' issued in that process 'indispensable to the complete attainment of the object' of national defense. Martin v. Mott, 12 Wheat. 19, 30, 25 U.S. 19, 30, 6 L.Ed. 537. Surely if Congress had intended to authorize interference with that process by intermediate challenges of orders to report, it would have said so."

Since the Falbo case, the case of Billings v. Truesdell, 321 U.S. 542, 557, 64

---

nied 321 U.S. 793, 64 S.Ct. 789. There, as here, the petition was in the custody of the Marshal and under charge of violation of the Selective Service Act, 50 U.S. C.A.Appendix, § 301 et seq. The issues there presented by the charges would, in part at least, be the same as in the habeas corpus proceeding. The Third Circuit, instead of refusing to consider his petition for the writ on the ground of a pending prosecution with the same issues, considered its contentions and denied the writ on other grounds. This was although it was shown that pending the appeal in the habeas corpus proceedings the petitioner was tried and convicted.

S.Ct. 737, has held that, as of the time of Billings' conduct under consideration, the Board's order to report for induction, supplemented by the regulations, required a registrant to submit to induction. Billings' reporting but refusal to submit to induction was held to constitute a civil and not a military offense. Certainly not until after such refusal had he reached the point at which the civil courts could entertain his petition for a writ of habeas corpus, addressed to the military officer holding him, to review the validity of his classification.

The Board so ordered Enge and the same regulations were controlling. Enge has not even reported to the station.

The order is affirmed.

MATHEWS, Circuit Judge (concurring in the result).

In the District Court of the United States for the Southern District of California, appellant was indicted for violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311. Thereupon, on a bench warrant regularly issued, appellant was taken into custody in the Southern District of California by the Marshal thereof and immediately sought release from such custody by petitioning the District Court—the court in which the indictment was pending—for a writ of habeas corpus. This appeal is from an order denying his petition.

The order should be affirmed upon the authority of Riggins v. United States, 199 U.S. 547, 26 S.Ct. 147, 50 L.Ed. 303; Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497; Jones v. Perkins, 245 U.S. 390, 38 S.Ct. 166, 62 L.Ed. 358. See, also, Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; In re Lancaster, 137 U.S. 393, 11 S.Ct. 117, 34 L.Ed. 713; In re Chapman, 156 U.S. 211, 15 S.Ct. 331, 39 L.Ed. 401;

Glasgow v. Moyer, 225 U.S. 420, 42 S.Ct. 753, 56 L.Ed. 1147.

The questions discussed by my associates (Judges Denman and Stephens) need not and, I think, should not be considered.