Pasquale DiCESARE, Appellant,

v.

John CHERNENKO, United States Marshal for the Northern District of West Virginia, Appellee.

No. 8595.

United States Court of Appeals
Fourth Circuit.

Argued April 5, 1962.

Decided May 10, 1962.

---

D. Paul Camilletti, Wheeling, W. Va., for appellant.

Robert E. Maxwell, U. S. Atty. (John H. Kamlowsky, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, BRYAN and BELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

The United States Commissioner did not have sufficient evidence to hold him to answer in the District Court for 1955 income tax evasion, Pasquale DiCesare averred in his application to the District Court for habeas corpus and release from the commitment. Finding the evidence adequate to establish probable cause, the Court dismissed the petition. Applicant appeals.

January 30, 1956 is the alleged date of the offense; January 18, 1962—almost six years afterwards—the complaint was filed and DiCesare arrested; and on February 16, 1962 the Commissioner heard and decided the case. Habeas corpus was refused February 23, 1962. Notice of this appeal was filed February 28, 1962. On March 21, 1962 DiCesare was indicted for tax evasion for the year 1955 and also for 1956, 1957 and 1958.

At the end of the hearing the Commissioner offered to release DiCesare upon his recognizance without security. Declining the offer, taxpayer was committed by the Commissioner into the custody of the marshal in default of bail bond. Within a few hours he applied to the District Court for habeas corpus. He hoped to procure dismissal of complaint, arrest warrant and order of the Commissioner for failure of the evidence to establish probable cause, and thus to lay a foundation for a plea of the six-year statute of limitations to any indictment for the offense. 26 U.S.C. § 6531

(1954 ed.). Only if the complaint of January 18, 1962 were sustained, argues DiCesare, would the Government obtain further time for indictment—the extension of nine months allowed by statute upon presentation of a complaint within the limitation period. Otherwise the time expired January 30, 1962.

We affirm—the sufficiency of the evidence to establish probable cause, we think, need not be considered—because: (1) habeas corpus was not available to DiCesare in the circumstances; (2) the question posed by him of his detention has been made moot by the indictment; and (3) the order of the District Court is interlocutory and so not reviewable in advance of the trial.

■ Certainly DiCesare was restrained by the commitment, and no less so because release from custody was open to him on his own bond. But save in exceptional instances a Commissioner's finding of probable cause is not reviewable by habeas corpus. Jones v. Perkins, 245 U.S. 390, 391, 38 S.Ct. 166, 62 L.Ed. 358 (1918); see Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070 (1924). True, recourse to the writ has been allowed to question orders of Commissioners in removal proceedings, but these present a significant difference: they are not before the same court which will try the accused on the charge. Hence no later opportunity will be had to raise the defense in the course of the prosecution. Cf. Price v. Henkel, 216 U.S. 488, 30 S.Ct. 257, 54 L.Ed. 581 (1910); Bryant v. United States, 167 U.S. 104, 17 S.Ct. 744, 42 L.Ed. 94 (1896). A motion in the District Court to dismiss the commitment is the appropriate procedure. It provides an immediate and efficacious remedy—and in the criminal proceeding itself—to correct any wrong to the appellant. In re No. 191 Front Street, 5 F.2d 282, 286 (2 Cir. 1924); United States v. Casino, 286 F. 976 (S.D.N.Y.1923).

■ But assuming, for argument only, that habeas corpus was the proper remedy, it has by events occurring since the hearing in the District Court been rendered inapplicable. Now enlarged on bond in the instant proceeding, DiCesare's immediate detention would be justified by the indictment alone. Consequently, on this appeal the question of possible illegal confinement under the order of the Commissioner is but academic. This does not mean, as will be noted, that any advantage accruing to DiCesare in the evidence before the Commissioner has been erased. But it does demonstrate the entire absence of any immediate basis for habeas corpus.

■ Again arguendo: even if the petition had been accorded the character of a motion to dismiss the commitment, and even though the trial court had erred in holding the evidence sufficient, an appeal from the District Court's denial of the motion could not be entertained at this time, for the ruling would obviously be but an interlocutory order in a pending criminal action. That is now proved. The order would actually be a part of the anticipated prosecution by the indictment. Of course DiCesare would not thereby be robbed of his exception to the Commissioner's action, since the point may be renewed at trial. But as the District Court's order would be interlocutory, appeal at this stage would be piecemeal submission of the case to this court. Such fragmentation of the proceeding is contrary to the statute confining of appeals to "final decisions". 28 U.S.C. § 1291. Cf. DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

But, more, annulment of the Commissioner's order is, as we previously observed, only sought for its value in a plea of limitations to the count of the indictment for 1955. That defense, including the adequacy of the evidence before the Commissioner, should not be finally passed upon previous to the criminal trial—the appropriate time and place for its consideration. "It is not for this court to determine that question in advance." Horner v. United States, No. 2, 143 U.S. 570, at 577, 12 S.Ct. 522 at 524, 36 L.Ed. 266 (1892); Jones v. Per-

kins, supra, 245 U.S. 390, 38 S.Ct. 166, 62 L.Ed. 358.

The order of the District Court will be affirmed. We do not pass on the merits of DiCesare's position—for whatever it is worth—and, of course, he retains in full his right to be heard in the criminal trial, with appellate review, on the issue he endeavored to raise in this case.

Affirmed.