946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cecil R. FERGUSON, Petitioner-Appellant,
v.
W.M. GILLIAM, Hickman Ewing, Respondents-Appellees.
 No. 91-5814.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner, Cecil R. Ferguson, is a defendant in United States v. Ferguson, docket number 91-20024-Tu, a federal criminal prosecution pending in the District Court for the Western District of Tennessee. He filed a pleading styled "Petition for Writ of Habeas Corpus," in which he sought relief under 28 U.S.C. § 2241. In his petition, Ferguson attacked his confinement in the West Tennessee Detention Center, a holding center for pre-trial detainees awaiting trial in federal court, under the indictment in the above-mentioned case. The habeas petition reflects that Ferguson was arrested on October 18, 1990, and subsequently indicted on two counts of drug trafficking. He claimed that his confinement is unconstitutional because (1) he was arrested without probable cause; and (2) the evidence supporting his arrest, indictment, and continued detention was seized in violation of the Fourth Amendment. The district court dismissed the petition after concluding that Ferguson was not entitled to the relief he sought.
 
 
 4
 Upon review, we conclude that the district court correctly dismissed the habeas petition. The remedy provided under 28 U.S.C. § 2241 is designed to permit a federal prisoner to attack the execution of his sentence by challenging the computation of his parole or sentencing credit. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). In this case, however, the grounds upon which the right to the writ is asserted are, in substance, defenses to Ferguson's criminal prosecution. It appearing from the record that Ferguson, at the time he filed his petition, had not been tried on the indictment for which he was charged, the habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution. See, e.g., Jones v. Perkins, 245 U.S. 390 (1918); Riggins v. United States, 199 U.S. 547, 548-50 (1905); Ex parte Finn, 16 F.Supp. 1 (E.D.Ky.1936).
 
 
 5
 Accordingly, the district court's order of dismissal is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation