107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen HORNING, Petitioner-Appellant,
v.
Warren SEIFART, Bureau of Prison's Metropolitan Detention
Center in Los Angeles; United States Marshal
Service, Respondents-Appellees.
 No. 96-5070.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 Before: BOGGS, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This pro se prisoner appeals a district court's order dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Karen Horning is a defendant in United States v. Hoffman, docket number 93-20235-M1, a federal criminal prosecution for narcotics violations pending in the District Court for the Western District of Tennessee. She filed a pleading styled "Petition For Habeas Corpus," in which she sought relief under 28 U.S.C. § 2241. In her petition, Horning attacked her confinement at a holding center for pre-trial detainees awaiting trial in federal court, under the indictment in the above-mentioned case. Horning claimed that her constitutional rights are being violated by her prosecution for possession of LSD. The district court dismissed the petition after concluding that Horning was not entitled to the relief she sought.
 
 
 3
 Upon review, we conclude that the district court correctly dismissed the habeas petition. The remedy provided under 28 U.S.C. § 2241 is designed to permit a federal prisoner to attack the execution of her sentence by challenging the computation of her parole or sentencing credit. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979). In this case, however, the grounds upon which the right to the writ are asserted are, in substance, defenses to Horning's criminal prosecution. It appears from the record that Horning, at the time she filed her petition, had not been tried on the indictment for which she was charged. The habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution. See, e.g., Jones v. Perkins, 245 U.S. 390 (1918); Riggins v. United States, 199 U.S. 547, 548-50 (1905); Ex parte Finn, 16 F.Supp. 1 (E.D.Ky.1936).
 
 
 4
 Accordingly, the district court's order of dismissal is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.