**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2007[*]
Decided May 24, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4438

| | |
|---|---|
| MICHAEL L. ALDEN, | Appeal from the United States District Court |
|     *Petitioner-Appellant*, | for the Southern District of Illinois. |
| | |
|     *v.* | No. 06-942-JPG |
| | |
| KEITH A. KELLERMAN, | J. Phil Gilbert, |
|     *Respondent-Appellee*. | *Judge.* |

### O R D E R

The district court dismissed Michael Alden's petition for a writ of habeas corpus under 28 U.S.C. § 2241. We affirm.

Alden was indicted and arrested in July 2004 on allegations of conspiring to manufacture and possess with intent to distribute methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1). While Alden was detained awaiting trial, he filed a motion asking Chief Judge Murphy, who was presiding over the criminal case, to dismiss

---

[*] The appellee was not served in the district court and is not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and record. *See* Fed. R. App. P. 34(a); Cir. R. 34(f).

"all charges" on the ground that the indictment was invalid. Chief Judge Murphy denied the motion, and Alden's case proceeded to trial.

Two days before his jury trial began, Alden filed with Judge Gilbert his petition for a writ of habeas corpus, claiming that he was being held without a valid indictment "in violation of the Constitution," and asking to be released "from [this] illegal detention." *See* 28 U.S.C. § 2241(c)(3). Four days after Alden filed his petition, however, the jury in his criminal case found him guilty on the drug conspiracy charge. While Alden was awaiting sentencing, Judge Gilbert issued an order dismissing Alden's § 2241 petition on the basis that his "only avenues for relief for any potential insufficiency in the indictment . . . [is] to await sentencing so that he might raise the issue in a direct appeal of his criminal conviction." Alden filed a notice of appeal to challenge this ruling, and afterward he was sentenced on his drug conspiracy conviction. Alden appealed this judgment as well, and his criminal case is currently pending before us as a separate matter. *See United States v. Alden*, No. 4:04CR40043-001-GPM (S.D. Ill. Mar. 26, 2007), *appeal docketed*, No. 07-1709 (7th Cir. Mar. 29, 2007).

Alden's challenge to the dismissal of his § 2241 petition is frivolous. To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same). Here, because Alden challenged the sufficiency of the indictment during his criminal case, he can still pursue the challenge during his criminal appeal, *see United States v. Alhalabi*, 443 F.3d 605, 610-12 (7th Cir. 2006); *United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001), which, as we noted, is pending. The writ of habeas corpus "'should not do service for an appeal,'" and "'[t]his rule must be strictly observed if orderly appellate procedure is to be maintained.'" *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942)).

AFFIRMED.