Gary B. WILLIAMS, Petitioner–
Appellant,

v.

John R. HACKMAN,* United States
Marshal, Eastern District of Vir-
ginia, Respondent–Appellee.

No. 09–3115.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2010.**

Decided Feb. 4, 2010.

Gary B. Williams, Suffolk, VA, pro se.

David E. Bindi, Attorney, Office of the
United States Attorney, Chicago, IL, for
Respondent–Appellee.

Before KENNETH F. RIPPLE, Circuit
Judge, TERENCE T. EVANS, Circuit
Judge, DIANE S. SYKES, Circuit Judge.

## ORDER

Gary Williams, a federal pretrial detain-
ee, filed an amended petition for a writ of
habeas corpus, 28 U.S.C. § 2241, claiming
that his continued confinement violates his
statutory right to a speedy trial. Williams
filed his petition in the Northern District

of Illinois while confined temporarily in
Chicago, but the underlying prosecution is
in the Eastern District of Virginia. He
seeks dismissal of the indictment. The
district court denied the petition without
prejudice to Williams seeking relief in the
district where the prosecution is pending.

Even though Williams mentions the
Sixth Amendment in his appellate brief,
his petition was premised entirely on the
Speedy Trial Act of 1974, 18 U.S.C.
§§ 3161–74. By failing to develop a con-
stitutional argument, Williams waived any
Sixth Amendment claim. *See United
States v. Loera,* 565 F.3d 406, 412 (7th
Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct.
654, —— L.Ed.2d —— (2009). As for the
statutory claim, the Speedy Trial Act al-
lows dismissal of an indictment if the time
constraints of the Act are not followed, 18
U.S.C. § 3162(a)(2); *United States v.
Gearhart,* 576 F.3d 459, 462 (7th Cir.2009),
but a district court in Chicago has no
authority to dismiss an indictment pending
in another district, *see United States v.
Green,* 499 F.2d 538, 539 (D.C.Cir.1974).
In any event, a federal pretrial detainee
cannot use § 2241 to preempt the judge
presiding over the criminal case. *See
Jones v. Perkins,* 245 U.S. 390, 391–92, 38
S.Ct. 166, 62 L.Ed. 358 (1918) ("It is well
settled that in the absence of exceptional
circumstances in criminal cases the regular
judicial procedure should be followed and
habeas corpus should not be granted in
advance of a trial."); *Fassler v. United
States,* 858 F.2d 1016, 1018–19 (5th Cir.
1988) (per curiam) (stating that federal
defendants cannot use § 2241 to challenge
pretrial detention orders that can be chal-

---

* John Hackman, the United States Marshal for
the Eastern District of Virginia, is substituted
for Eric Wilson as respondent. *See* Fed.
R.App P. 23(a); *United States v. Turner,* 569
F.3d 637, 642 (7th Cir.), *cert. denied,* —— U.S.
——, 130 S.Ct. 654, —— L.Ed.2d —— (2009).

** After examining the briefs and the record, we
have concluded that oral argument is unnec-
essary. Thus, the appeal is submitted on the
briefs and the record. *See* Fed. R.App. P.
34(a)(2).

lenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir.1987) (same). Accordingly, the dismissal of Williams's petition is AFFIRMED.