FILED
United States Court of Appeals
Tenth Circuit

November 14, 2017

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

DELANO MARCO MEDINA,

     Petitioner - Appellant,

v.

JOHNNY CHOATE,

     Respondent - Appellee.

No. 17-1159

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:17-CV-00924-LTB)**
_____

Submitted on the briefs:[*]

Delano Marco Medina, pro se.
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.
_____

    Defendant Delano Medina, who is in custody awaiting a federal trial, filed an

application for habeas relief under 28 U.S.C. § 2241 seeking dismissal of the charges

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument.

against him on the ground that he has been denied his constitutional right to a speedy trial. He apparently proceeded under § 2241 rather than under 28 U.S.C. § 2255 because § 2255(a) requires that he be "[a] prisoner in custody *under sentence* of a court established by Act of Congress." (Emphasis added.) He has yet to be tried, much less sentenced.

The district court dismissed Defendant's application for failure to exhaust available remedies. He appeals, and we affirm. Although there may be exceptional circumstances in which § 2241 is available to a federal prisoner awaiting trial in federal court, no such circumstances are present here. *But cf. Walck v. Edmondson*, 472 F.3d 1227, 1230 (10th Cir. 2007) (granting pretrial relief under § 2241 to *state* prisoner, who had been denied relief by State's highest court, on ground that retrial would violate Double Jeopardy Clause). At this stage of the proceedings Defendant can seek relief in the trial court. In fact, he has filed multiple speedy-trial motions in the trial court, one of which has been denied. If the trial court continues to deny relief and Defendant is convicted, he can appeal to this court. And if he is unsuccessful on direct review, he can proceed under § 2255. Defendant cannot circumvent these procedures by now pursuing relief under § 2241.

On its face Defendant's § 2241 application might look proper. He contends that he has been denied his constitutional right to a speedy trial and therefore is entitled to release. In the language of § 2241(c)(3), "He is in custody in violation of the Constitution . . . of the United States." But habeas practice is not solely the product of statutes and rules of court. This was recognized in one of the Supreme Court's first

2

habeas cases. In *Ex parte Royall*, 117 U.S. 241 (1886), the petitioner had sought habeas relief from the circuit court for the Eastern District of Virginia while in custody awaiting trial on two state-court indictments allegedly based on unconstitutional statutes, *see id.* at 243–45. The Supreme Court held that the circuit court had jurisdiction to hear the habeas petition but had properly refused to entertain it. In holding that the circuit court had jurisdiction, the Court wrote:

> The grant to the circuit courts in [the habeas statute] of jurisdiction to issue writs of *habeas corpus* is in language as broad as could well be employed. While it is attended by the general condition, necessarily implied, that the authority conferred must be exercised agreeably to the principles and usages of law, the only express limitation imposed is that the privilege of the writ shall not be enjoyed by, or, rather, that the courts and the judicial officers named shall not have power to award the writ to, any prisoner in jail, except in specific cases, one of them being where he is alleged to be held in custody in violation of the constitution.

*Id.* at 247. Nevertheless, it was proper to refuse to grant relief without considering the merits. The statute provided that "[t]he court or justice or judge shall proceed in a summary way to determine the facts of the case by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." *Id.* at 246 (internal quotation marks omitted). But this "injunction . . . [did] not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it." *Id.* at 251. And because the state court had authority to determine the constitutional question, the necessity of avoiding unnecessary interference with another judicial system conferred discretion on the circuit court to await further state proceedings. *See id.* at 252-53. The affirmance was "without prejudice to the right of the petitioner to renew his

application to [the circuit] court at some future time should the circumstances render it proper to do so." *Id*. at 254.

In light of *Ex parte Royall* and subsequent decisions of similar tenor, the Supreme Court could say nearly 80 years later, "[H]abeas corpus has traditionally been regarded as governed by equitable principles." *Fay v. Noia,* 372 U.S. 391, 438 (1963). For example, "the doctrine of abuse of the writ [which limits repeated habeas petitions] refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Absent specific statutory codifications governing the writ, such as the Antiterrorism and Effective Death Penalty Act, the approach described in *McCleskey* still holds.

Given this approach, it is not surprising that a respect for regular federal-court procedure – similar to the respect for state-court procedures expressed in *Ex parte Royall* – has led to decisions rejecting the use of habeas corpus by federal prisoners awaiting federal trial. In *Henry v. Henkel*, 235 U.S. 219, 229 (1914), the Supreme Court held that a federal prisoner ordered to be removed from New York to Washington, D.C. to face a charge of contempt of Congress could not raise a habeas challenge to the removal on the ground that Congress had no authority to demand the disclosures he had refused to provide, *id.* at 224-26. It stated the following general rule:

> [T]he hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based.

4

These and all other controverted matters of law and fact are for the determination of the trial court.

The Court concluded, "[The defendant] cannot . . . anticipate the regular course of proceeding by alleging a want of jurisdiction, and demanding a ruling thereon in habeas corpus proceedings." *Id., see Greene v. Henkel*, 183 U.S. 249, 262 (1902) (in rejecting a habeas petition—by federal prisoners in New York ordered removed to Georgia for federal trial —challenging a Georgia indictment on the ground that the grand jury was improperly constituted, the Court said that "matters of that nature are to be dealt with in the court where the indictment is found"). In *Johnson v. Hoy,* 227 U.S. 245, 247 (1913), the Court rejected a pretrial habeas petition by a federal prisoner, summing up: "The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases . . . . [Supreme Court] decisions have so definitely established the general principle as to leave no room for further discussion." *Accord Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 548–50 (1905). [1]

---

[1] The exceptions that have thus far been identified by the Supreme Court have related only to *state* prisoners awaiting trial: *Ex parte Royall* mentioned as examples, "[w]hen the petitioner is in custody by state authority for an act done or omitted to be done in pursuance of the law of the United States, or of an order, process, or decree of a court or judge thereof; or where, being a subject or citizen of a foreign state, and domiciled therein, he is in custody, under like authority, for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the

There have been remarkably few published appellate opinions on the matter in the past century. In 1948 the D.C. Circuit declared that "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Pelley v. Botkin*, 152 F.2d 12, 13 (1945) (refusing to hear pretrial habeas challenge to constitutionality of statute). More recently, two circuit courts have criticized use of § 2241 to challenge pretrial detention orders rather than proceeding under 18 U.S.C. § 3145. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming district court's refusal to entertain § 2241 petition); *Fassler v. United States*, 858 F.2d 1016, 1017–18 (5th Cir. 1988) (prisoner ordinarily should proceed under § 3145). The Seventh Circuit was more definitive in an unpublished opinion, declaring, "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x

commission for order or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations, . . . [and] like cases of urgency, involving the authority and operations of the general government, [or] the obligations of this country to or its relations with foreign nations." 117 U.S. at 251–52. The one example of such an exceptional case noted in these decisions is *Thomas v. Loney,* 134 U.S. 372 (1890). As described in *People v. Eno,* 155 U.S. 89, 96-98 (1894), the petitioner was arrested for perjury by state authorities after giving a deposition for a congressional-election contest pending in the House of Representatives. "It is clear from the statement that that case was one of urgency, involving, in a substantial sense, the authority and operations of the general government. The obvious effect of Loney's arrest, under the circumstances disclosed, was to embarrass one of the parties in the contested election case in obtaining evidence in his behalf, intimidate witnesses whom he might desire to introduce, and delay the preparation of the case for final determination by the house of representatives." *Id.* at 97. More recently, the Supreme Court reviewed a § 2241 pretrial challenge by a state prisoner contending that a trial would violate his protection against double jeopardy; but the state's highest court had already denied relief, so state remedies had been exhausted. *See Justices of Boston Mun. Ct. v. Lydon,* 466 U.S. 294, 302–03 (1984).

268, 268 (7th Cir. 2010). Unpublished opinions in this circuit have taken the same view. As we explained in one of those opinions:

> To be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."

*Hall v. Pratt*, 97 F. App'x 246, 247–48 (10th Cir. 2004) (citations omitted); *accord Chandler. v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015). Although the earlier cases did not speak in terms of exhaustion of remedies in federal court, as we have in our unpublished decisions, the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief. *See* 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial."). But this is not to say that federal prisoners can pursue relief under § 2241 after these avenues have been exhausted. If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.

7

Given this authority and reasoning, we now adopt the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial. And a claim that a case should be dismissed because of the denial of the right to a speedy trial does not justify an exception to that general rule. There is no need for a habeas remedy, and the intrusion of the habeas process on trial proceedings would be disruptive. A defendant can raise his speedy-trial claim by motion before the trial judge, as Defendant has already done in this case. It is unnecessary and inappropriate to shop around for a second judge to, in essence, act as an appellate tribunal to review a possible error by the trial judge. As the Supreme Court has stated, "[T]he writ of habeas corpus should not do service for an appeal." *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979). Further, the Supreme Court in *United States v. MacDonald*, 435 U.S. 850 (1978), held that interlocutory appeals of denials of speedy-trial motions would not be permitted because of, among other things, the difficulty of assessing the merits of the claim before the evidence has been presented at trial, *see id.* at 860, and the prejudice to the public interest from the delays caused by interlocutory appeals, *see id.* at 862. Those same reasons caution against habeas review at this stage of the proceedings.

We **AFFIRM** the district court's dismissal of Defendant's application under § 2241. Appellant's motion to proceed in forma pauperis is **GRANTED**. Appellant's "Combined Motion Requesting a Stay on Ruling and Review of the District Court[']s

8

Docket Sheet and Motions Filed with Respect to Speedy Trial Prejudice" is **DENIED**.

Entered for the Court


Harris L Hartz
Circuit Judge