FILED
United States Court of Appeals
Tenth Circuit

June 21, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH LEE JONES,

    Petitioner - Appellant,

v.

DOUGLAS COUNTY JAIL,

    Respondent - Appellee.

No. 21-3064
(D.C. No. 5:20-CV-03056-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Petitioner Joseph Lee Jones, a Kansas pretrial detainee appearing pro se, seeks a

certificate of appealability (COA) so that he may appeal from the district court's denial of

his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons

outlined below, we deny Jones' application for COA and dismiss this matter.

I

On February 18, 2020, Jones initiated these proceedings by filing what he

described as a petition for writ of habeas corpus pursuant to § 2241.  Jones alleged in his

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition that he was a pretrial detainee confined in the Douglas County Jail in Lawrence, Kansas, who had been found incompetent to stand trial and had been ordered to be committed to the Larned State Hospital for evaluation and treatment.[1] The gist of Jones' petition, as best we can determine, was three-fold.[2] First, Jones alleged that Kansas state officials were not complying with Kansas' statutory requirements for the evaluation and treatment of incompetent criminal defendants. Second, Jones complained that he wished to represent himself in the ongoing state criminal proceedings, but was being forced by the state trial court to be represented by an attorney named Dakota Loomis. According to the petition, Loomis had stolen certain documents from Jones, thereby creating a conflict of interest between the two men. Third, Jones alleged that a hostile environment existed at the Douglas County Jail and he alleged in support that on January 14, 2020, an officer at the jail "inadvertantly [sic] asked [another] inmate to assault" Jones. ROA, Vol. 1 at 12. On the basis of these allegations, Jones sought release from the Douglas County Jail.

On May 29, 2020, the district court issued a notice and order to show cause directing Jones to show cause why the case should not be dismissed without prejudice due to Jones' failure to exhaust available state court remedies.

---

[1] According to the record on appeal, all proceedings in Jones' criminal case were stayed on or about January 24, 2020, so that Jones could be evaluated and potentially treated at the Larned State Hospital. Apparently due to COVID-19, however, Jones was not transferred to Larned State Hospital until late 2020 or early 2021.

[2] Jones' petition and other pleadings referred to other incidents, but none of those appear to have been the basis upon which he was seeking release from confinement.

On June 4, 2020, Jones filed a response to the notice and order to show cause. *Id*. at 186. Jones alleged that he could not "utilize local or STATE and Kansas Supreme Courts for his [Kan. Stat. Ann. §] 60-1501 writs" because "due to COVID-19 they [we]re closed." *Id*. Jones in turn alleged that he "ha[d] no other remedy at law available to him." *Id*.

On October 5, 2020, Jones filed a pleading alleging that he "ha[d] met the requirement" that he "absolutely exhaust any concievable [sic] state remedy." *Id*., Vol. 2 at 77. Jones attached as an exhibit to this pleading a copy of an order issued by the Supreme Court of Kansas on September 24, 2020. *Id*. at 79. That order stated that the Supreme Court of Kansas "ha[d] considered and dismisse[d] [a] petition for writ of habeas corpus filed [by Jones] on July 10, 2020, as supplemented by [his] subsequent filings . . . on August 28, 2020, and August 31, 2020." *Id*. The order did not describe the nature of the claims asserted by Jones.

On March 15, 2021, the district court issued a memorandum and order denying Jones' petition, as well as various motions that he had filed during the pendency of the district court proceedings. In dismissing the petition, the district court noted that Jones had failed to establish "that the issues raised" in the habeas petition he filed with the Supreme Court of Kansas "were the same as the issues" he sought to pursue in his federal habeas petition. *Id*. at 107. The district court also concluded that, in any event, Jones had failed to "raise[] a valid claim for violation of his federal constitutional right to a speedy trial." *Id*. at 108. The district court explained that the delay described by Jones "appear[ed] to fall short of a presumptively prejudicial delay," and that "even if [Jones]

3

had shown presumptively prejudicial delay," any speedy trial claim he might be asserting "would be foreclosed by the issue of his competency to stand trial" because it was "'well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial.'" *Id.* at 109 (quoting *Medina v. California*, 505 U.S. 437, 439 (1992)). Lastly, the district court concluded that "[a]ny claims" that Jones was asserting "challenging the conditions of his confinement d[id] not arise under Section 2241" and thus "[we]re not properly before the Court." *Id.* at 110. The district court entered final judgment in the case that same day. *Id.* at 112.

Jones filed a motion to alter or amend judgment on March 22, 2021. On April 8, 2021, Jones filed a notice of appeal.

On April 9, 2021, a two-judge panel of this court issued an order directing a limited remand to the district court to rule on Jones' motion to alter or amend judgment and to consider whether to issue a COA. On April 14, 2021, the district court denied Jones' motion to alter or amend judgment and declined to issue a COA.

Jones has now filed an application for COA with this court.

II

Under the Antiterrorism and Effective Death Penalty Act of 1996, a COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1). We have long held, consistent with the plain language of § 2253(c)(1), "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was

4

filed pursuant to § 2254 or § 2241," so long as the detention complained of arises out of process issued by a state court. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or . . . the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted). Further, where, as here, the district court denies the petition on procedural grounds, the petitioner must "show[ ], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After examining Jones' application for COA, we conclude that he has failed to make the requisite showing. As we have noted, the district court's order of dismissal rested, in part, on its procedural ruling that Jones had failed to exhaust his state court remedies. Although Jones disputes that conclusion in his application for COA, he has failed to provide any documentation to establish that the claims he presented to the Supreme Court of Kansas were the same issues raised in his federal habeas petition. Thus, he has failed to establish that jurors of reason would find it debatable whether the district court was correct in its procedural ruling.

Moreover, we note that the record indicates that Jones' state criminal proceedings are ongoing. Jones alleges in his application for COA that in April of this year, he was determined by officials at the Larned State Hospital to be competent to stand trial and has now been returned to the Douglas County Jail for the continuation of his criminal proceedings. Those ongoing state criminal proceedings implicate two well-established principles that preclude Jones from pursuing this federal habeas action. First, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918). Second, the Supreme Court has held that a federal court should not intervene in pending state criminal proceedings absent "irreparable injury" that "is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1972) (quotation marks omitted). Nothing in the record indicates that Jones has incurred or is about to incur irreparable injury of any kind. Further, nothing in the record causes us to question whether the Kansas state courts can provide Jones with an adequate forum to litigate any constitutional claims he may have by way of pretrial proceedings, trial, and, if he is convicted, direct appeal and post-conviction proceedings. Therefore, the proper course is for Jones to first litigate his constitutional claims in the Kansas state courts.

6

## III

Jones' application for COA and his pending motions for leave to file a supplemental brief are DENIED and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge