[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11397

Non-Argument Calendar

_____

JUAN RAMIREZ,

Petitioner-Appellant,

*versus*

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01620-LMM

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Juan Ramirez, a federal detainee awaiting trial on drug-trafficking charges, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. In his petition, Ramirez challenged his indictments in two pending federal criminal cases on the ground that the Controlled Substances Act (CSA) applies only to those (like pharmacists or physicians) who are registered under the CSA to legally dispense controlled substances. According to Ramirez, his alleged conduct—conspiring to possess with intent to distribute and possessing with intent to distribute heroin, methamphetamine, and fentanyl, in violation of 21 U.S.C. §§ 841 and 846—was not criminal because he is a "non-registrant." Ramirez also filed a separate motion asking the district court to discharge his attorney in one of the criminal proceedings and appoint new counsel for him.

The district court dismissed Ramirez's petition pursuant to Rule 4 of the rules governing federal habeas corpus petitions, which provides that a district court must dismiss a habeas corpus petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *see id.* Rule 1(b) (providing that the district court may apply the Rules to any habeas corpus petition). The court found that Ramirez's challenge to his indictments was not

properly brought under § 2241 because his criminal proceedings remained pending and his claims for relief should be brought in those proceedings. It also denied his motion to appoint new counsel as moot, noting that the motion was relevant only to the referenced criminal case, and that Ramirez had filed a duplicate motion in that proceeding.

On appeal, Ramirez reiterates his argument that his alleged drug-trafficking conduct was not criminal because he is not registered under the CSA. He also argues that his criminal trial counsel was ineffective for refusing to raise those arguments on his behalf, and that the district court therefore should have appointed him new counsel. Finally, Ramirez argues that the district court erred in concluding that he was required to challenge his indictments in the ongoing criminal proceedings rather than in a separate § 2241 proceeding. We are not persuaded.[1]

It has long been the rule that "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). This is because habeas corpus proceedings are not "intended as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). Thus, pretrial challenges to criminal prosecution—

---

[1] "The availability of habeas relief under 18 U.S.C. § 2241 is a question of law that we review *de novo*." *Dohrmann v. United States*, 442 F.3d 1279, 1280 (11th Cir. 2006).

including arguments related to "the sufficiency of the indictment or the validity of the statute on which the charge is based"—generally will not be heard on a petition for habeas corpus while the criminal proceedings are ongoing. *Id.* Instead, these "and all other controverted matters of law and fact are for the determination of the trial court." *Id.*; *see Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018); *Medina v. Choate*, 875 F.3d 1025, 1027–29 (10th Cir. 2017).

The circumstances here are not so extraordinary as to justify an exception to the general rule. Ramirez is represented by counsel in his criminal cases, and he may challenge the sufficiency of his indictments and the constitutionality of the Controlled Substances Act in those proceedings. If he believes that he has meritorious arguments that his counsel refuses to make on his behalf, he may request the appointment of new counsel, as he already has done. And if "the objections are sustained or if the defendant is acquitted, he will be discharged. If they are overruled and he is convicted, he has his right of review." *Henry*, 235 U.S. at 229.

The district court did not err in determining that the issues raised in Ramirez's habeas corpus petition and his motion for the appointment of new counsel in his criminal case should be decided by the trial court in his ongoing criminal proceedings. We therefore **AFFIRM** the district court's order dismissing Ramirez's § 2241 petition and denying his motion for the appointment of new criminal defense counsel.

**AFFIRMED.**